**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tyreek Dashawn Hayes, Appellant.

Appellate Case No. 2019-001303

———————

Appeal From Dillon County
Roger E. Henderson, Circuit Court Judge,

———————

Unpublished Opinion No. 2021-UP-378
Submitted October 1, 2021 – Filed November 3, 2021

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General William M. Blitch, Jr., both
of Columbia, for Respondent.

———————

**PER CURIAM:**  Tyreek Dashawn Hayes appeals his convictions for possession of a weapon during the commission of a violent crime, kidnapping, and two counts of attempted murder.  On appeal, Hayes argues the trial court erred in admitting hearsay under the excited utterance exception.  The trial court did not abuse its

discretion because the record supports its finding that the statement was an excited utterance.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Banda*, 371 S.C. 245, 251, 639 S.E.2d 36, 39 (2006) ("[A]n appellate court is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Stahlnecker*, 386 S.C. 609, 623, 690 S.E.2d 565, 573 (2010) ("Three elements must be met for a statement to be an excited utterance: (1) the statement must relate to a startling event or condition; (2) the statement must have been made while the declarant was under the stress of excitement; and (3) the stress of excitement must be caused by the startling event or condition."); *State v. McHoney*, 344 S.C. 85, 94, 544 S.E.2d 30, 34 (2001) ("In determining whether a statement falls within the excited utterance exception, a court must consider the totality of the circumstances.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.